UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR VENEGAS,<br><br>  Plaintiff,<br><br>  v.<br><br>E. MENDOZA, et al.,<br><br>  Defendants. | Case No. 1:21-cv-00962-DAD-EPG (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 50) |

Plaintiff Salvador Venegas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion to appoint counsel. (ECF No. 50.) For the following reasons, the Court will deny the motion.

According to the motion, Plaintiff requests that the Court appoint counsel to represent him in this case because Plaintiff is unable to afford counsel. (ECF No. 50.) Additionally, the issues involved in the case are complex, Plaintiff has limited law library access, Plaintiff has written several letters to a myriad of attorneys but has not heard from any, and Plaintiff has limited knowledge of the law. (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*,

1

490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings. Additionally, if Plaintiff needs additional time to comply with any deadlines due to limited law library access, he should file a request for an extension before the deadline expires and explain why he believes an extension is necessary.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to appoint counsel (ECF No. 50) is DENIED.

IT IS SO ORDERED.

Dated:   **July 18, 2022**                              /s/ *Erica P. Grosjean*
                                                        UNITED STATES MAGISTRATE JUDGE