UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR VENEGAS,<br><br>                Plaintiff,<br><br>    v.<br><br>MENDOZA, *et al.*,<br><br>                Defendants. | Case No. 1:21-cv-00962-ADA-EPG<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO FOLLOW A COURT ORDER<br><br>ORDER REQUIRING DEFENDANTS TO RESPOND<br><br>RESPONSE DUE WITHIN SEVEN DAYS |

       On August 30, 2022, the Court received *in camera* documents from Defendants. (*See* ECF No. 58). Defendants state that the documents were withheld from Defendant Mendoza's response to Plaintiff's Request for Production of Documents, Set One. (Id. at 2). Defendants indicated that they objected to some of the requests on the basis of the official information privilege. (Id.) According to Defendants, the withheld documents were submitted for *in camera* review to the Court in compliance with the Court's scheduling order. (Id.)[1]

       The Court writes now because it appears that such documents should have either been produced to Plaintiff or formally objected to pursuant to the Court's discovery order requiring the parties to exchange documents identified by the Court as central to the dispute. (ECF No. 48). The Court thus requires Defendants to show cause within seven days as to why they did not

---

[1] The Court will issue an order directly addressing this objection in a separate order.

provide these documents to either Plaintiff or the Court in response to the Court's discovery order. Additionally, Defendants should notify the Court whether they are now fully in compliance with that order.

The Court issued a discovery order on May 27, 2022. (ECF No. 48). As part of that order, the Court required all parties to produce certain categories of documents including,

> b. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).
>
> . . .
>
> c. Incident reports regarding the use of force incident(s) alleged in the complaint, including Incident Report Log Number 17207 and photographs of evidence logged.

(Id. at 2). The Court provided that the parties could object to production "within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence)." (Id. at 3-4). Additionally, the Court's discovery order specified that if Defendants objected based on the official information privilege, then Defendants should follow the procedures described in the Court's scheduling order for lodging such objections. (Id. at 4).

Sixty days passed and Defendants did not submit any objections to the discovery order or documents for the Court's *in camera* review pursuant to the Court's procedures.

On August 30, 2022, more than a month after the objection deadline, the Court received the documents referenced above for the Court's review. Upon review, they contain witness statements and documents related to Incident Report Log Number 17207. It thus appears that they are responsive to the Court's discovery order, and as such, should have been produced as part of the document exchange ordered by the Court. If, at that time, Defendants objected to producing those documents, including the as described witness statements, they should have filed their objections with the Court and submitted such documents for *in camera* review as required by the Court's procedures.

The Court has inherent authority to issue sanctions. "[I]t is firmly established that [t]he power to punish for contempts is inherent in all courts. This power reaches both conduct before the court and that beyond the court's confines, for [t]he underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings. Rather, it was

disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (alterations in original) (citations and internal quotation marks omitted). Local Rule 110 also provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

Accordingly, IT IS ORDERED that:

1. Defendants shall show cause why sanctions should not issue for failure to comply with a court order. Defendants shall file a response within seven (7) days explaining why the documents submitted for *in camera* review on August 30, 2022, were not submitted earlier to the Court pursuant to the Court's discovery order (*See* ECF No. 48);

2. The Court also requests certification that Defendants are now fully in compliance with the Court's discovery order;

3. **Failure to respond to this order may result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **October 17, 2022**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

3