UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR VENEGAS,<br><br>                 Plaintiff,<br><br>    v.<br><br>MENDOZA, *et al.*,<br><br>                 Defendants. | Case No. 1:21-cv-00962-ADA-EPG<br><br>ORDER RE: DOCUMENTS WITHHELD ON THE BASIS OF THE OFFICIAL INFORMATION PRIVILEGE<br><br>(ECF No. 58). |

Before the Court are documents for *in camera review* submitted by Defendants that were withheld in response to Plaintiff's Request for Production of Documents. (ECF No. 58). After reviewing the submitted documents, the Court will order Defendants to produce certain documents identified below in redacted form.

**I.    BACKGROUND**

Salvador Venegas ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Mendoza, Grimsley, Cornejo, Navarro, Layshot, and Mattingly; First Amendment retaliation claims against Defendants Mendoza, Grimsley, Cornejo, Navarro, and Gonzalez; Fourteenth Amendment procedural due process claims against Defendant Bracken; Eighth Amendment deliberate indifference claims against Defendant Cahapisan; Eighth Amendment conditions of confinement claims against Defendant

1

Muñoz; and First Amendment access to mail claims against Defendants Mendoza, Grimsley, Cornejo, and Navarro.[1] (*See* ECF Nos. 10, 12). Plaintiff's claims relate to an alleged assault, failure to provide medical treatment, and subsequent placement in administrative segregation.

On August 30, 2022, Defendant filed a notice of compliance with the scheduling order and thereafter submitted documents (Bates Numbers 001-057) withheld under the official information privilege. (ECF No. 58). The documents were withheld from Defendant Mendoza's Response to Request for Production of Documents, Set One. (*Id.* at 2). Defendants argue that "the Use of Force Critique and Institutional Executive Review Committee (IERC) review for incident log number 17207, and Inmate/Parolee Appeal Log No. WSP-B-01438" should be withheld because those documents are protected by the official information privilege. (*Id.*) Defendants included declarations from L. West and C. Scott setting forth their position that the documents should be withheld under the official information privilege.

## II.   LEGAL STANDARDS

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (internal citations omitted).

\\\

---

[1] Defendants Gonzalez and Bracken were substituted in place of John Doe Defendants 1 and 2. (ECF No. 52).

### III.    ANALYSIS

With the relevant legal standards in mind, the Court has conducted an *in camera* review of the use of force critique, executive review, and inmate appeal log submitted by Defendants.

First, the summaries of witness interviews about the incident described in the use of force critique and executive review should be disclosed. They are highly relevant because they concern the incident at issue in the complaint and the witnesses' contemporary account of that incident. Under *Woodford v. Ngo*, the use of witness interviews during litigation is an intended benefit of the exhaustion process because the exhaustion in part serves the purpose of preserving witness accounts while the memories are still fresh. 548 U.S. 81, 94-59 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh. . .").

Second, although Defendants identify generalized concerns about witness confidentiality, they provide no specific concerns regarding the information described here. In fact, according to the Court's limited review, it appears that some of the witness accounts were favorable to Plaintiff's position. They do not pose the safety concern identified by Defendants regarding one inmate witness providing information contrary to the account of another inmate witness.

The Court will thus order that the documents identified as Bates Numbers 043-056, which concern the incident in the complaint involving Plaintiff and Defendants Mendoza, Grimsley, Cornejo, Navarro, Layshot, and Mattingly, must be produced in redacted form such that the summaries of witness interviews be disclosed to the Plaintiff. However, based on the balance of interests involved, the Court finds that the official information privilege shields the results of the prison investigation and internal findings as the institution's own conclusions about the incident are not directly relevant to this case. Further, such information poses concerns regarding the disclosure of prison processes that outweigh any relevance to Plaintiff's claims. Thus, Defendants may redact information which would reveal internal deliberations and conclusions regarding the incident.

Additionally, the Court will also permit Defendants to redact information regarding any

witnesses who declined to be interviewed. The fact that potential witnesses decided not to be interviewed, which could have been due to their lack of knowledge regarding the event or other reasons, is minimally relevant at best. Thus, the relevance of information regarding such potential witnesses to the central dispute between the parties is outweighed by the security concerns involved.

The remainder of the documents may continue to be withheld under the official information privilege. These documents largely concern separate incidents than the incidents at issue in the complaint. The minimal relevance of those other incidents is outweighed by the security concerns posed by providing one inmate confidential information about another inmate's investigation into a separate incident.

### IV.    ORDER

For the foregoing reasons, Defendants must produce the use of force critique and executive review (Bates Numbers 043-055) in redacted form such that the summaries of the witness interviews are disclosed to Plaintiff, but the internal evaluation of the incident, and indication of witnesses who declined to be interviewed, may be withheld. Specifically, Defendants should produce Bates Number 051 in redacted form so that the three witness interview summaries are available to Plaintiff.

Defendants may continue to withhold the inmate appeal log (Bates Numbers 001-042) and a portion of the executive review (Bates Numbers 056-057) under the official information privilege.

IT IS SO ORDERED.

Dated:   **October 17, 2022**                    /s/ Erica P. Grosjean
                                                                     UNITED STATES MAGISTRATE JUDGE