UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR VENEGAS, | Case No. 1:21-cv-00962-ADA-EPG (PC) |
| Plaintiff, | ORDER DISCHARGING ORDER REQUIRING DEFENDANTS TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO FOLLOW A COURT ORDER |
| v. | |
| MENDOZA, *et al.*, | |
| Defendants. | (ECF No. 61). |

On August 30, 2022, Defendants submitted certain documents for *in camera* review that they represented were "being withheld from Defendant Mendoza's Response to Request for Production of Documents, Set One, on grounds that these documents are protected by the official information privilege." (ECF No. 58, at p. 2).

Some of documents included in the *in camera* submission appeared responsive to an earlier court order to the parties to produce certain documents or submit objections to the Court. For example, the Court previously ordered the parties to produce (or object to production of) "Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s)." (ECF No. 48, at p. 2). However, Defendants' submission for *in camera* review included these documents. Moreover, the declaration submitted to the Court supporting Defendants' claim for official information privilege specifically claimed that witness statements

1

were entitled to confidentiality and would have to be redacted if any documents were ordered produced.

Accordingly, on October 18, 2022, the Court entered an order requiring Defendants to show cause why sanctions should not issue for their failure to comply with the Court's discovery order requiring the production of certain documents. (ECF No. 61). Defendants were directed to respond to the Court's order in writing within seven days. (Id.)

On October 20, 2022, Defendants filed a response explaining that the witness statements included in the submission actually had already been produced to Plaintiff in response to the Court's earlier discovery order. Defendants claimed that the Court had improperly "presumed" that Defendants failed to comply with that order. Defendants also filed approximately 500 pages with the Court that they claimed had previously been produced to Plaintiff.

The Court will discharge its order to show cause. It appears that Defendants did comply with the Court's previous order and the Court appreciates that production.

It is worth noting that nothing in Defendants' submission of *in camera* documents indicated that some of the submitted documents had already been produced. That is why, per Defendants' request, the Court reviewed all submitted documents and issued an order regarding the official information privilege, requiring that certain witness statements be produced. However, Defendants appear to acknowledge the miscommunication as they now represent that "[g]oing forward, when submitting documents for in camera review, defense counsel will inform the Court which documents have already been provided to the Plaintiff in order to demonstrate that the Defendants have, in fact, complied with the Court's Orders." (ECF No. 64, p. 3).

Accordingly, IT IS HEREBY ordered that the Court's order (ECF No. 61) for Defendants to show cause why sanctions should not issue is DISCHARGED.
IT IS SO ORDERED.

Dated:   **November 3, 2022**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

2