UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SALVADOR VENEGAS,

Plaintiff,

v.

E. MENDOZA, et al.,

Defendants.

Case No. 1:21-cv-00962-KES-EPG

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(Docs. 79, 81, 84, 101).

Plaintiff Salvador Venegas is a state inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on the following claims: (1) Eighth Amendment excessive force against defendants Mendoza, Grimsley, Cornejo, Navarro, Layshot, and Mattingly; (2) First Amendment retaliation against defendants Mendoza, Grimsley, Cornejo, and Gonzalez; (3) Fourteenth Amendment procedural due process against defendant A. Bracken; (4) Eighth Amendment deliberate indifference to serious medical needs against defendant Cahapisan; (5) Eighth Amendment conditions of confinement against defendant Munoz; and (6) First Amendment access to mail against defendants Mendoza, Grimsley, and Cornejo.[1] Docs. 19, 52. The matter was referred to a United States magistrate judge pursuant to

[1] The First Amendment claims were dismissed as to co-defendant Navarro on September 29, 2026. Doc. 116.

28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 28, 2023, defendants Bracken, Gonzalez, Mendoza, Grimsley, Cornejo, Munoz, and Cahapisan ("moving defendants") filed a motion for summary judgment on plaintiff's claims for retaliation in violation of the First Amendment, interference with access to mail in violation of the First Amendment, excessive force in violation of the Eighth Amendment (against Mendoza, Grimsley, and Cornejo), deliberate indifference to serious medical needs in violation of the Eighth Amendment against Cahapisan, deliberate indifference to conditions of confinement against Munoz, and procedural due process in violation of the Fourteenth Amendment against Bracken. Doc. 79. On May 1, 2023, and May 17, 2023, plaintiff filed motions for summary judgment. Docs. 81, 84.

On February 26, 2024, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment be granted in part and denied and part and that plaintiff's motions for summary judgment be denied in their entirety. Doc. 101. Specifically, the magistrate judge recommended that defendants' motion for summary judgment be (1) granted as to plaintiff's First Amendment access to mail claims against defendants Mendoza, Grimsley, and Cornejo, and (2) granted in part as to plaintiff's First Amendment retaliation claims against defendants Mendoza, Grimsley, and Cornejo, as to the allegation that they retaliated against plaintiff by interfering with his mail and prison payments. Doc. 101 at 26. The magistrate judge recommended that defendants' motion for summary judgment be denied as to all other claims. *Id.* The magistrate judge also recommended that plaintiff's motions for summary judgment be denied. *Id.* The findings and recommendations contained notice that any objections thereto were to be filed within thirty days after service. *Id.* at 27. On March 27, 2024, defendants filed objections. Doc. 105. Plaintiff did not file any objections and the time to do so has passed.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 304, this court has conducted a de novo review of this case. In their objections, defendants challenge the magistrate judge's recommendation that summary judgment be denied as to: (1) the First Amendment retaliation claim involving the January 15, 2021 cell search and application of force, (2) the Fourteenth

Amendment due process claim, and (3) the conditions of confinement claim. Doc. 105 at 7. Defendants do not object to the recommendation that defendants' motion for summary judgment be denied as to the excessive force claims against Mendoza, Grimsley, and Cornejo; denied as to the medical deliberate indifference claim against Cahapisan; and granted as to the First Amendment claims against Mendoza, Grimsley, and Cornejo involving plaintiff's mail and money sent by his spouse. *Id.* Having carefully reviewed the file, including defendants' objections, the court finds that the findings and recommendations are supported by the record and proper analysis, except that defendants' motion for summary judgment should also be granted in part on the First Amendment retaliation claim, as to the allegation that the January 15, 2021 cell search was retaliatory.

## I. Retaliation Claim Against Mendoza, Grimsley, and Cornejo—January 15, 2021 Cell Search and Use of Force

A retaliation claim requires "five basic elements: (1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). For a retaliation claim to survive summary judgment, plaintiff must offer "either direct evidence of retaliatory motive or at least one of three general types of circumstantial evidence [of that motive]." *McCollum v. California Dep't of Corr. & Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011) (internal citation and quotation marks omitted). Circumstantial evidence of motive includes: "(1) proximity in time between protected speech and the alleged retaliation; (2) [that] the [defendant] expressed opposition to the speech; [or] (3) other evidence that the reasons proffered by the [defendant] for the adverse ... action were false and pretextual." *Id.* (internal citation and quotation marks omitted).

### A. Retaliation Claim – Cell Search

Among their objections, defendants argue that the cell search had a legitimate correctional purpose. Doc. 105 at 7–12. Defendants have set forth undisputed evidence that the purpose of the January 15, 2021 cell search was to collect Security Threat Group intelligence and that at least

one other inmate's cell was searched that day. *Id.* Defendants have presented unrebutted evidence that the cell search advanced a legitimate correctional purpose. Plaintiff has therefore failed to set forth a triable issue as to one of the elements he needs to establish a retaliation claim based on the cell search. Summary judgment for the moving defendants is appropriate as to the retaliation claim, with respect to the allegation that defendants conducted the January 15, 2021 cell search in retaliation for plaintiff's protected activity.

B. Retaliation Claim – Use of Force

Defendants do not object to the denial of summary judgment as to the excessive force claim against the moving defendants, but they object to the denial of summary judgment on the retaliation claim that is based on that alleged use of force. Doc. 105 at 70. In their objections, defendants argue that the undisputed facts show that the moving defendants' use of force furthered legitimate correctional purposes of protecting co-defendant Mendoza and that there is no evidence the use of force had a retaliatory motive. Doc. 105 at 13.

First, defendants argue that plaintiff conceded in a filing that defendants did not throw him the ground or punch or kick him. Doc. 105 at 13 (citing plaintiff's response to defendants' undisputed fact number 21, Doc. 93 at 6:5-14). But the findings and recommendations properly concluded that, given plaintiff's position throughout the litigation and throughout the relevant pleading, plaintiff's response to defendants' undisputed fact number 21 was a typographical error. *See* Doc. 101 at 25 & n.10. Although defendants argue that plaintiff did not seek to correct the alleged typographical error after defendants raised the issue in their reply, that argument is not persuasive given plaintiff's position throughout the relevant filings that he was thrown to the ground and that excessive force was used. And the briefing schedule on the summary judgment motion did not permit any further filing by plaintiff; plaintiff would have had to seek leave to file a sur-reply. Nor was there any need for plaintiff to further address the issue after the findings and recommendations were issued, as the magistrate judge found that plaintiff's response in the filing was a clerical error.

Defendants argue that the use of force had a legitimate penological purpose because the force was necessary to subdue plaintiff's attack on Mendoza. Doc. 105 at 13. But as the findings

and recommendations properly found, this is a disputed issue of material fact that precludes the grant of summary judgment.

Defendants also argue that because plaintiff does not specifically identify how each defendant attacked him after he was restrained, or which defendant made the statements during the attack suggesting that the use of force was in retaliation for plaintiff's filing of grievances, plaintiff cannot raise a genuine issue of fact as to whether the moving defendants personally participated in the violation of his First Amendment rights. Doc. 105 at 14. But construing the evidence in the light most favorable to plaintiff, the moving defendants jointly participated in the assault on plaintiff, and during the assault an officer made statements indicating the assault was in response to plaintiff's filing of grievances. *See* Doc. 101 at 25. The findings and recommendations properly conclude that this raised a triable issue of fact as to whether the moving defendants had a retaliatory motive for their use of force. While there may have been a legitimate penological purpose for the use of some force if defendants reasonably believed plaintiff posed a risk to Mendoza, there is a triable issue of fact as to whether the use of force was excessive and whether there was a retaliatory motive for the excessive use of force.

## II. Due Process Claim Against Bracken

Plaintiff alleges that he was denied the ability to call witnesses on his behalf in a Rule Violation Report ("RVR") proceeding. Doc. 101 at 4. Inmates have the right in prison disciplinary proceedings to call relevant witnesses and present documentary evidence, when doing so would not be unduly hazardous to institutional safety or correctional goals. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

In an affidavit in support of his motion for summary judgment, plaintiff states that an investigative employee told him that Bracken had denied any and all inmate witnesses. Doc. 82 at 12–13. Defendants argue that this statement is inadmissible hearsay and is insufficient to raise an issue of fact. But hearsay evidence can be considered on summary judgment so long as the hearsay evidence could be presented in an admissible form at trial. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

The findings and recommendations properly note that at least one of plaintiff's witnesses,

Ramos, provided a declaration indicating that he witnessed plaintiff being attacked. Doc. 101 at 20. Although defendants argue that Ramos's declaration does not address whether plaintiff struck Mendoza first, Ramos's declaration indicates that he witnessed the entire event, including the cell search and the officers' alleged assault on plaintiff. *See* Doc. 81 at 164. As such, Ramos likely had information relevant to the battery charge against plaintiff, including whether plaintiff appeared to have the intent to hit Mendoza and whether plaintiff struck Mendoza during the incident. As such, the findings and recommendations properly recognized that the material disputed facts concerning the alleged failure to allow plaintiff's requested inmate witnesses precluded summary judgment on his Fourteenth Amendment due process claim against Bracken.

Plaintiff asserted in opposition to summary judgment that officer Muro reported that Bracken had denied plaintiff's request to call inmate witnesses. Defendants argue that plaintiff's assertion is inconsistent with plaintiff's prior statement that Muro had informed him that it would be up to Bracken whether to call witnesses at the hearing. But viewed in the light most favorable to plaintiff, these statements are not necessarily contradictory: Muro told plaintiff that Bracken had denied plaintiff's request to call inmate witnesses, and that it was ultimately Bracken's decision whether to call the witnesses.

As the findings and recommendations note, Bracken's qualified immunity argument is based on Bracken's version of events. Under plaintiff's version of events, Bracken denied plaintiff the right to call witnesses in the RVR hearing. "Jail officials need not provide inmates an unfettered right to call witnesses, but they must make the decision whether to allow witnesses on a case-by-case basis, examining the potential hazards that may result from calling a particular person." *Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir. 2003). Bracken does not assert that plaintiff's witnesses could not be called due to safety concerns or other correctional goals. *See* Doc. 105. Rather, Bracken argues that he is entitled to qualified immunity because he relied on another officer's statement that the witnesses could not be located. *Id.* at 19. But there is a material factual dispute as to whether Bracken relied on such a statement by another officer, or whether Bracken instead told the officer that he would not permit the witnesses to testify.

Viewing the facts in the light most favorable to plaintiff, Bracken denied plaintiff the

opportunity to call witnesses, at least one witness had material information relevant to the RVR proceeding, and the denial was not tied to institutional safety needs or a legitimate correctional goal. Under plaintiff's version of events, Bracken is not entitled to qualified immunity. *See Mitchell v. Dupnik*, 75 F.3d 517, 525 (9th Cir. 1996) ("blanket denial of permission for an inmate to have witnesses physically present during disciplinary hearings is impermissible[.]"); *Serrano*, 345 F.3d at 1079–80 (defendant's refusal to call relevant witnesses violated plaintiff's Fourteenth Amendment due process rights where defendant did not provide a reason for refusing to allow live witnesses).

### III. <u>Conditions of Confinement Claim Against Munoz</u>

Plaintiff alleges that he was subjected to unsanitary conditions of confinement due to overflowing toilets from January 2021 through the filing of the complaint, and that, although he made complaints and filed grievances, the issue persisted. Doc. 101 at 13. Plaintiff alleges that Munoz knew about the overflowing toilets, was responsible for fixing the issue, and was deliberately indifferent to the unsanitary conditions. *Id.* Defendants do not dispute the finding that the conditions of confinement were unsanitary and required prompt remediation. Rather, defendants argue that Munoz is entitled to summary judgment because he was not deliberately indifferent and he lacked the authority to take any further steps other than calling a plumber to address the situation. Doc. 105 at 7.

There is a material factual dispute as to when Munoz became aware of the unsanitary conditions. Munoz alleges that he first became aware of the toilet issue on March 1, 2021, when another officer submitted a work order, and that Munoz promptly approved the work order. Doc. 105 at 16. But plaintiff asserts that, prior to March 1, 2021, he submitted grievances regarding the alleged unsanitary conditions, and that non-party officer Willard told him that Munoz was aware of those circumstances. *See* Doc. 12 at 11. Viewing these allegations in the light most favorable to plaintiff, plaintiff has raised a triable issues of fact as to when Munoz because aware of the toilet issue in plaintiff's cell and whether Munoz was deliberately indifferent to the alleged unsanitary conditions of plaintiff's cell. Plaintiff alleges that Munoz was aware of the plumbing issues and that plaintiff was subjected to the unsanitary conditions for

many months. A reasonable jury could find that, after Munoz became aware of the plumbing issue, Munoz was deliberately indifferent to this unsanitary condition for an extended period. Although Munoz argues that he could not have done more than call a plumber, a reasonable jury could find that Munoz was deliberately indifferent because he knew of the issues and did not timely seek to remedy the situation. As such, there is a triable issue of fact as to whether Munoz was deliberately indifferent to plaintiff's conditions of confinement in violation of the Eighth Amendment. *See Arellano v. Ojeda*, 752 F. App'x 490, 491 (9th Cir. 2019) (reversing grant of summary judgment for defendants where plaintiff alleged that toilet in his solitary confinement cell clogged and overflowed for several days, and defendants failed to address the issue despite being on notice, as those facts raised a deliberate indifference claim).

Defendants argue that qualified immunity shields Munoz from liability because it was not clearly established that his conduct constituted a constitutional violation. But, as the findings and recommendations reasoned, it was clearly established that knowingly subjecting a prisoner to overflowing human waste in his cell for an extended period would be a constitutional violation. *See Taylor v. Riojas*, 592 U.S. 7, 8 (2020) (denying qualified immunity because "no reasonable correctional officer could have concluded that, under the extreme circumstances of this case, it was constitutionally permissible to house [plaintiff] in such deplorably unsanitary conditions for such an extended period of time."); *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985) ("standing water, flooded toilets and sinks, and dank air, is an unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"); *DeSpain v. Uphoff*, 264 F.3d 965, 979 (10th Cir. 2001) ("[i]n viewing the great weight of cases set out [herein] condemning on constitutional grounds an inmate's exposure to human waste, a reasonable prison official would have known at the time that it was improper to expose prisoners to such unsanitary, offensive conditions," where cells were flooded with toilet water in 36-hour incident).

## IV. Conclusion

For the reasons set forth above:

1. The findings and recommendations issued on February 26, 2024 (Doc. 101), are adopted in part.

2. Defendants' motion for summary judgment (Doc. 79) is granted in part and denied in part, as follows:

   a. Defendants' motion for summary judgment is granted as to:

      i. Plaintiff's First Amendment access to mail claims against defendants Mendoza, Grimsley, and Cornejo; and

      ii. Plaintiff's First Amendment retaliation claim against defendants Mendoza, Grimsley, and Cornejo, as to the allegations that they retaliated against plaintiff by conducting the January 15, 2021 cell search and by interfering with plaintiff's mail and prison payments.

   b. Defendants' motion for summary judgment is otherwise denied.

3. Plaintiff's motions for summary judgment (Docs. 81, 84) are denied.

4. This case proceeds on plaintiff's (1) Eighth Amendment excessive force claim against defendants Mendoza, Grimsley, Cornejo, Navarro, Layshot, and Mattingly; (2) First Amendment retaliation claim against defendant Gonzalez; (3) First Amendment retaliation claim against Mendoza, Grimsley, Cornejo, as to the January 15, 2021 use of force; (4) Fourteenth Amendment procedural due process claim against defendant Bracken; (5) Eighth Amendment deliberate indifference to serious medical needs claim against defendant Cahapisan; and (6) Eighth Amendment conditions of confinement claim against defendant Munoz.[2]

5. This case is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: September 29, 2026

[signature]

UNITED STATES DISTRICT JUDGE

[2] Navarro's partial motion for summary judgment (Doc. 111) is addressed in a separate order.